## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

|  |  |
|---|---|
| **FEDERAL DEPOSIT INSURANCE CORPORATION as Receiver of the Columbian Bank and Trust Company,** | ) ) ) ) ) |
| **Plaintiff,** | ) ) |
| vs. | ) Case No. 11-2447-JAR ) |
| **CARL L. McCAFFREE, JIMMY D. HELVEY, SAM McCAFFREE, RANDOLPH G. AUSTIN, and RICHARD L. ROACH,** | ) ) ) ) ) ) |
| **Defendants.** | ) ) |

## MEMORANDUM AND ORDER

Plaintiff, the Federal Deposit Insurance Corporation as Receiver of The Columbian Bank and Trust Company ("FDIC-R"), filed this action against the former directors and/or executive officers of The Columbian Bank and Trust Company ("Bank") to recover losses of at least $52 million allegedly suffered by the Bank due to the Defendants' negligence and breach of their fiduciary duties. This matter is before the Court on Defendants Carl McCaffree and Sam McCaffree's Motion to Stay the Proceedings Pending Determination of the Legality of the FDIC's Appointment as Receiver and to Extend the Time for Filing an Answer (Doc. 9). The other Defendants have joined in the McCaffrees' motion.[1]

Defendants argue that if the Bank was not insolvent as that term is defined under Kansas law, the FDIC-R's appointment as receiver is illegal and void, and such a finding would deprive

---

[1] Docs. 18, 19, 20.

the FDIC-R of standing to maintain this action against the directors and/or officers of the Bank. Defendants ask this Court to stay this action until there is a final determination in the pending administrative review proceeding as to whether the Bank was insolvent on August 22, 2008, and to extend the time for them to answer or otherwise plead to the Complaint.

**1.    State Administrative Review Proceeding**

The Kansas State Bank Commissioner issued a Declaration of Insolvency and Tender of Receivership with regard to the Bank on August 22, 2008.[2]  The Bank and Columbian Financial Corporation (its sole shareholder) filed an appeal on September 22, 2008, with the District Court of Shawnee County, Kansas, challenging the factual and legal basis of the Commissioner's August 22, 2008 determination that the Bank was insolvent, his order that the Bank be closed, and his appointment of the FDIC-R as receiver.  The district court issued its Memorandum Opinion and Entry of Judgment on March 29, 2010, denying relief to the appellants except to the extent of remanding the matter back to the State Banking Commissioner and the State Banking Board for further proceedings.[3]  On remand, the Discovery Order in the administrative review proceeding provides that discovery in that case shall be completed by January 31, 2012; dispositive motions are to be filed by February 29, 2012; and the formal hearing in that matter will be held from April 17–20, 2012.[4]  The FDIC-R filed this case on August 9, 2011, seeking to recover losses from the Bank's former directors and/or executive officers under 12 U.S.C. § 1821.

---

[2]Doc. 10-1.

[3]Doc. 10-2.

[4]Doc. 25-1.

**2.      Primary Jurisdiction, Abstention and Inherent Stay Power**

Defendants argue that this case should be stayed indefinitely based on the doctrine of primary jurisdiction, the principles of abstention, or based on this Court's inherent stay power. Defendants argue that this Court has discretion to refer an issue in the case before it to an administrative agency, citing *TON Services, Inc. v. Qwest Corp.*,[5] and that staying a case pursuant to the doctrine of primary jurisdiction is appropriate when issues of fact in the case "(1) are not within the conventional experience of judges; (2) require the exercise of administrative discretion; or (3) require uniformity and consistency in the regulation of the business entrusted to the particular agency."[6] In support of their argument, Defendants assert that federal courts have little to no expertise in determining in the first instance whether a bank is properly placed into the hands of a receiver, citing *Franklin Savings Ass'n v. Office of Thrift Supervision*.[7] In *Franklin*, the Tenth Circuit addressed the proper standard of review and found that a *de novo* standard was improper and that the Director's appointment decision should be set aside only if the decision was arbitrary, capricious, an abuse of discretion or otherwise not in accordance with the law.[8]

Defendants also argue that the Court should abstain under the doctrine outlined in *Burford v. Sun Oil Co.*.[9] They argue that the *Burford* doctrine is concerned with protecting

---

[5] 493 F.3d 1225 (10th Cir. 2007).

[6] *Id.* at 1239.

[7] 934 F.2d 1127 (10th Cir. 1991) (holding that a district court cannot engage in a *de novo* review of the propriety of the Director of the Office of Thrift Supervision's decision to place a federally-chartered thrift institution into receivership).

[8] *Id*. at 1142.

[9] 319 U.S. 315 (1943).

complex state administrative processes from undue federal influence. The Supreme Court in *Burford* states that:

> Although a federal equity court does have jurisdiction of a particular proceeding, it may, in its sound discretion, whether its jurisdiction is invoked on the ground of diversity of citizenship or otherwise, 'refuse to enforce or protect legal rights, the exercise of which may be prejudicial to the public interest'; for it 'is in the public interest that federal courts of equity should exercise their discretionary power with proper regard for the rightful independence of state governments in carrying out their domestic policy.[10]

Finally, Defendants cite *United Steelworkers of America v. Oregon Steel Mills, Inc*., for the proposition that courts have inherent power to stay proceedings and, in assessing the propriety of a stay, a district court should consider: (1) whether the movants are likely to prevail in the related proceedings; (2) whether, absent a stay, the movants will suffer irreparable harm; (3) whether the issuance of the stay will cause substantial harm to the other parties to the proceeding; and (4) the public interest at stake.[11]

**3.    Discussion**

The Court declines to stay this proceeding under any of the theories advanced by the Defendants. The majority of Defendants' arguments are based on the assumption that this Court is deciding the same issue that is being decided in the state administrative proceeding, or that this Court's decision will somehow influence that decision.

This Court is not deciding the same issue that is being reviewed in the state administrative proceeding. This Court is not reviewing the decision to declare the Bank

---

[10]*Id*. at 317–18 (citation omitted).

[11]*See* 322 F.3d 1222, 1227 (10th Cir. 2003).

insolvent or the decision to appoint a receiver. This distinction is pointed out in one of the cases cited by Defendants. The court in *United Steelworkers* noted that the plaintiff was not seeking reconsideration, or "review" of an EPA ruling, but rather it was bringing a separate enforcement action, not to challenge, but to implement that ruling.[12] The court in *United Steelworkers* noted that the plaintiff was not seeking to interfere with direct appellate review of the EPA's substantive decision and that such review was in fact already in progress.[13] In recognizing the possibility that their "colleagues conducting the substantive review of the EPA's . . . decision may set it aside," the court found that "enforcement actions should proceed against a polluter despite the fact that a decision regarding the underlying regulations is under review."[14] The court found that although the polluter was presumably within its rights in seeking judicial review, such litigation should be carried out on the polluter's time, not the public's, "for during its pendency the original regulations remain in effect."[15]

Furthermore, this case should not influence the state administrative proceeding because that proceeding was filed in 2008 and is situated at a more advanced stage of litigation than the current case. Defendants have not filed their answers yet in this case. Based on the discovery deadline and hearing date in the state proceeding, discovery will be completed and the detailed findings that were ordered on remand should be available before this case is set for trial.

A stay pending final resolution of the issue of the declaration of insolvency and

---

[12]*Id.* at 1225.

[13]*Id.* at 1226.

[14]*Id.*

[15]*Id.* (citations omitted).

5

appointment of a receiver could be unreasonably long and futile.  The state court suggests that the pending litigation in that court will not provide relief and that the court is ordering detailed findings so that judicial review for purposes of exhaustion of administrative remedies is possible and that relief may be afforded in some subsequent action.  The court states:

> The point here is that any judgment this Court might make in regard to the propriety of the Commissioner's August 22, 2008, order is narrow and could afford little, if any, direct relief by way of this proceeding alone.  In other words, it could be an order without a meaningful remedy enforceable by this Court nor would it be binding on the FDIC.  An order without means to its enforcement would not constitute a proper judicial order, but rather would be an illusory and advisory one with its only efficacy being, perhaps, to satisfy any exhaustion of administrative remedies requirement as a precedent to another lawsuit. . . . .  In order to be honored as a binding judgment, any such judgment would also require that the underlying state procedural path to challenge the receivership was constitutionally sound. . . . While the Court feels the above considerations are somewhat dispositive of this case, the nature of the record presented is a further deterrent to a meaningful judicial review in this case.[16]

Defendants' arguments are also premised on the proposition that if the FDIC was improperly appointed receiver under Kansas law, then it has no authority to maintain this lawsuit.  Defendants fail to cite any authority for this proposition.  Furthermore, the state court decision acknowledges that the decision in that forum will not affect the FDIC-R.  The state court held that:

> All considered then, the only effacious (sic) remedy that could be provided Petitioners, even were they to prevail in overturning the Commissioner's finding of insolvency, would have to be a return of any remaining assets in the custody of the receiver or a monetary one, which would be without the aegis of the present form of proceeding.  Absent voluntary surrender by the FDIC

---

[16]Doc. 10-2, p. 29-30.

> receiver of what once were the Columbian Bank and Trust Company's assets, were the order appointing the FDIC receiver dissolved, no order to the FDIC, it being a non-party to this present judicial proceeding, could be enforced in this proceeding. Further, while the FDIC, by its acceptance of an appointment as a receiver of an FDIC insured bank, may have assented to state court jurisdiction (K.S.A. 9-1906), federal law, as noted, would not bind it to judgments entered subsequent to its acceptance of receivership. (12 U.S.C. § 1821 (d)(13)(A).) Even were this Court to dissolve the order appointing the FDIC as receiver, the FDIC could act on its own accord to effect the same end by appointing itself as receiver, effectively ratifying the closure and liquidation of the Columbian State Bank and Trust Company. (12 U.S.C. § (c)(4)). Finally, probably ending the inquiry, is the fact that federal law prohibits any court order that would purport to interfere with the FDIC's operation as a receiver. 12 U.S.C. § 1821(j).[17]

This case involves an area of enforcement that carries with it a strong congressional policy in favor of prompt enforcement. The state court's reference to 12 U.S.C. § 1821(j) as "probably ending the inquiry," acknowledges the prohibition on interference with the FDIC-R's fulfillment of its statutory duties. Section 1821(j) provides that "[e]xcept as provided in this section, no court may take any action, except at the request of the Board of Directors by regulation or order, to restrain or affect the exercise of powers or functions of the Corporation as a conservator or a receiver." In *United Steelworkers*, the court noted the strong congressional policy in favor of prompt enforcement of the Act involved in that case and found that therefore enforcement should not be delayed while review of the agency's action is under way.[18]

This case was filed by the FDIC-R pursuant to its statutory authority as receiver. Defendants assert that § 1821(j) restricts judicial power only over the actions of a properly

---

[17]Doc. 10-2, p. 27–28.

[18]*See United Steelworkers of Am. v. Oregon Steel Mills, Inc.*, 322 F.3d 1222, 1227 (10th Cir. 2003) (citing *Ohio Envtl. Council v. United States Dist. Court, S. Dist. Of Ohio, E. Div., et al.*, 565 F.2d 393, 397 (6th Cir. 1977)).

appointed FDIC, citing *James Madison Limited by Hecht v. Ludwig*.[19]  However, there is also authority suggesting that as long as the FDIC-R is pursuing its duties as set forth in the statute, it is protected by the anti-injunction statute.[20]  In *Bank of America National Ass'n v. Colonial Bank*, the court noted that § 1821(j) "has been interpreted broadly to bar judicial intervention whenever the FDIC is acting in its capacity as a receiver or conservator, even if it violates its own procedures or behaves unlawfully in doing so."[21]  Thus, the court held that its jurisdictional inquiry was quite narrow.  "First, we evaluate whether the FDIC's challenged actions constitute the exercise of a receivership power or function. . . . If so, the FDIC is protected from all court action that would 'restrain or affect' the exercise of those powers or functions."[22]  The FDIC-R accepted appointment as the Bank's receiver pursuant to 12 U.S.C. § 1821(c).  Pursuant to its acceptance of appointment as receiver of the Bank, the FDIC-R has standing to bring a civil action in federal district court to hold former directors and/or officers of the Bank personally liable.[23]  The FDIC-R's filing of this director and officer liability action is in keeping with its statutory duty to maximize recoveries for the receivership.

Defendants allege that if the petitioners are successful in the state proceeding, that action

---

[19] 82 F.3d 1085, 1093 (D.C. Cir. 1996).

[20] *See, e.g.,RPM Invs., Inc. v. RTC*, 75 F.3d 618, 621 (11th Cir. 1996) (refusing to enjoin alleged breach of contract because "[e]ven claims seeking to enjoin the RTC from taking allegedly unlawful actions are subject to the jurisdictional bar of § 1821(j)"); *Volges v. RTC.,* 32 F.3d 50, 52 (2d Cir. 1994) (concluding that the fact that the RTC's actions might violate some other provision of law does not render the anti-injunction provision inapplicable); *Nat'l Trust for Historic Preservation v. FDIC*, 21 F.3d 469 (D.C. Cir. 1994) (refusing to enjoin sale of property in alleged violation of National Historic Preservation Act); *Ward v. RTC*, 996 F.2d 99 (5th Cir. 1993) (per curiam) (finding sale of real estate belonging to failed bank within the scope of RTC's function, even if done illegally).

[21] 604 F.3d 1239, 1243 (11th Cir. 2010).

[22] *Id*. (citation omitted).

[23] *See* 12 U.S.C. § 1821(k) and (l); *see also* 12 U.S.C. § 1821(d)(E)(13)(I) (duty of FDIC-R to maximize recoveries from a failed bank's assets).

could impact whether the FDIC-R's injury in this case is fairly traceable to the challenged action of the Defendants. Nothing in this decision prevents the Defendants from making that argument in this case or from using discovery or findings from the state administrative proceeding. The FDIC-R also points out that Defendant Carl McCaffree has been litigating insurance coverage in this court for claims or potential claims, including those of the FDIC-R, arising out of the failure of the Bank without suggesting that coverage litigation should be stayed until the seizure/appointment of receivership matter is resolved by way of the petition for judicial review pending in the state administrative proceeding.[24]

The Court finds that it would be unreasonable to stay the current action, filed by the FDIC-R under its statutory authority, for an indefinite period of time to determine the possible effect of an action that may be filed in the future. The Court's decision to withhold its discretion to stay this case is also in keeping with congressional intent to allow the FDIC-R to fulfill its statutory duties without judicial restraint.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendants Carl McCaffree and Sam McCaffree's Motion to Stay the Proceedings Pending Determination of the Legality of the FDIC's Appointment as Receiver and to Extend the Time for Filing an Answer (Doc. 9) is **DENIED IN PART** as to the request to stay these proceedings, and **GRANTED IN PART** as to the request for an extension of time for filing their Answer.

**IT IS FURTHER ORDERED BY THE COURT** that Defendants are granted an extension of 14 days from the date of this Memorandum and Order to file an Answer to the Complaint in this case.

---

[24]*See Columbian Fin. Corp., et al., v. Bancinsure, Inc.*, Case No. 08-CV-2642-CM, United States District Court for the District of Kansas.

**IT IS SO ORDERED.**

Dated: December 15, 2011

          S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE