IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| FEDERAL DEPOSIT INSURANCE CORPORATION as Receiver of the Columbian Bank and Trust Company,<br><br>        Plaintiff,<br><br>v.<br><br>CARL L. McCAFFREE, *et al.*,<br><br>        Defendants. | )<br>)<br>)<br>)<br>) Case No. 11-CV-2447-JAR<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**STIPULATED PROTECTIVE ORDER**

Pursuant to Rules 26 and 29 of the Federal Rules of Civil Procedure, and the stipulations of the parties, IT IS HEREBY ORDERED:

1. This Stipulated Protective Order shall be applicable to and govern the handling of all documents, testimony and other information, including all copies, excerpts and summaries thereof (collectively "Material"), produced, given or filed during discovery and/or produced by non-parties pursuant to subpoena, or voluntarily in lieu of subpoena, in the above-captioned action, which contain confidential and proprietary information. The parties request this Stipulated Protective Order because the documents to be produced in this case include thousands of bank records and other documents that contain confidential information, such as personally identifiable information and confidential financial information about borrowers, guarantors and other individuals.

2. This Stipulated Protective Order shall further govern the inadvertent disclosure of materials protected from disclosure by the attorney-client privilege or the attorney work-product doctrine.

3. The parties contemplate that in the course of this litigation they shall produce to one another certain Confidential Materials or portions of Confidential Materials in their possession. The term "Confidential Material" shall specifically include, but not be limited to:

a. <u>Personal Information.</u> "Personal information" shall mean any documents and information concerning persons or entities related to The Columbian Bank and Trust Company ("Columbian") and/or any of its predecessors or successors, including, but not limited to, bank account information, customer bank records, signature cards, bank statements, general ledger entries, deposit information, and related records or documents that contain any names, addresses, account numbers, social security numbers, dates of birth, or other identifying information.

b. <u>Defendants' Financial Information.</u> "Defendants' Financial Information" shall mean any documents and/or information containing, concerning, or relating to Defendants' finances or financial situation at any time.

c. <u>Receivership Documents.</u> "Receivership documents" shall mean any documents or information related to the appointment or service of the Federal Deposit Insurance Corporation ("FDIC") as receiver of Columbian, including, but not limited to, any information on loss or estimates of such loss on assets, and any administrative depositions or examinations conducted by the FDIC.

d. <u>Loan Information.</u> "Loan information" shall mean any documents or information related to lending transactions, loans, or extensions of credit to any borrower, including, but not limited to, loan applications, financial statements and credit reports, business and personal state and federal income tax forms, correspondence, and related loan documentation.

4. As used herein, "Person" includes the named parties, counsel of record for the parties and other non-parties who, with the written consent of the parties, have agreed to be bound by this Stipulation.

5. Any Person may designate, at any time, as "Confidential" any Material that it produces in the course of discovery proceedings herein when such Person in good faith believes such Material contains sensitive, personal, competitive, commercial, financial or proprietary business information. The parties expressly agree that any party may designate information and/or documents previously produced during discovery in this matter as "Confidential" pursuant to this Stipulation. A party may not designate as "Confidential" or any document and/or information which is available to the public, unless the document contains personally identifiable information. Any party seeking to file confidential information must first file a motion with the Court and be granted leave to file the particular document under seal, and shall comply with the Court's administrative procedures for electronically filing document(s) under seal in civil cases.

6. Confidential Material shall be subject to the following restrictions:

    a. Confidential and Material shall be used only for the purpose of the above-captioned litigation, and not for any business or other purpose whatsoever and shall not be given, shown, made available or communicated in any way to anyone except those to whom it is necessary that such Material be given or shown for the purposes permitted under this paragraph, as set forth in subparagraph (b) below.

    b. Confidential Material may be disclosed, for the purposes set forth above, only to:

        i. the parties;

        ii. in-house and outside counsel and their staff necessarily involved in the conduct of the Litigation;

       iii. the Court (including court reporters, stenographic reporters, court personnel and jurors);

       iv. experts retained by the parties or counsel;

       v. witnesses and deponents, including potential witnesses and potential deponents whose review of Confidential Material is in good faith deemed necessary by an attorney in his/her sole discretion;

       vi. mediators, arbitrators or other persons providing litigation support services;

       vii. any attorney representing, or any representative of, a liability carrier for any party to this action; and

       viii. any other Person as to whom the parties agree in writing.

    c. Material may be disclosed, for the purposes set forth above, only to the persons identified in paragraphs 6(b)(i) - 6(b)(vii) above.

    d. Only those portions of pleadings or other court filings that actually disclose Confidential Material shall be separately labeled "Documents Subject to Protective Order " and filed under seal in accordance with the Court's rules and shall remain under seal until the Court orders otherwise.

    e. Any disclosure of Confidential Material at trial or in any other court proceedings herein shall be made *in camera* to the Court and jurors unless the Court orders otherwise.

7. Confidential Material shall be designated as follows:

    a. In the case of documents, designation shall be made by placing the legend "CONFIDENTIAL DOCUMENT SUBJECT TO PROTECTIVE ORDER" on each page of each such document prior to production.  In the case of previously produced documents, a party may identify in writing to the other party and by bates label number or other identifying marking those documents it believes contain Confidential Material.

b. In the case of interrogatory answers, designation shall be made by placing the legend "CONFIDENTIAL DOCUMENT SUBJECT TO PROTECTIVE ORDER" on each page of any answer that contains Confidential Material. In the case of previously served interrogatory answers, a party may identify in writing to the other party any previously-served answers it believes contain Confidential Material.

c. Any party may, no later than ten (10) business days after receipt of a deposition transcript, designate by providing notice in writing to the other parties all or any portion thereof as "Confidential" or under the terms of the Stipulation and Order. Prior to expiration of this ten (10) business days period, all transcripts and the information contained therein, in whatever form, will be deemed to be "Confidential" under the terms of this Stipulation and Protective Order. All copies of deposition transcripts that contain confidential matter shall be prominently marked "CONFIDENTIAL DOCUMENT SUBJECT TO PROTECTIVE ORDER " on the cover thereof and, if and when filed with the Clerk, shall be filed under seal.

d. Depositions, or portions thereof, may also be designated as Confidential at the time the deposition is taken.

e. All briefs, pleadings or other filings with the Court that incorporate or disclose Confidential Material shall be appropriately labeled on the cover page and filed under seal.

8. Prior to receiving, being shown or using Confidential Material, persons falling in the categories listed above, other than ¶6.b.(i), 6.b.(ii), or 6.b.(iii), shall be shown a copy of this Stipulation, and shall agree to abide by the terms of this Stipulated Protective Order in writing by signing an acknowledgement in the form of Exhibit A hereto, and, if during deposition or trial, by agreeing verbally on the record, to be bound by its terms. If a deponent refuses to assent, disclosure of such information to the witness during the deposition shall not constitute a waiver

of confidentiality. Under such circumstances, the witness shall be asked to waive signature or to sign the original deposition transcript under such circumstances that are mutually agreeable to parties to this Agreement and deponent. The details of such agreement shall be recorded in the transcript. In the event the witness refuses to agree to circumstances for signing the original deposition transcript, or in the event the witness fails to sign the original deposition transcript pursuant to the terms set forth on the transcript, the witness shall be deemed to have waived signature. In any event, no copy of the transcript or related exhibits shall be given to any deponent who does not agree to be bound by the terms of the Stipulation.

9. If any of the Parties challenges the designation of any Confidential Material, that party shall notify all other interested parties in writing. All interested parties shall make best efforts to resolve disagreements as to confidentiality without involving the Court. In the event that the interested parties are unable to resolve their disagreements as to confidentiality within ten (10) business days of the date the challenging party notifies the other interested parties of the challenging in writing, the challenging party may move the Court for relief with respect to the confidentiality designation of the challenged material. The burden of proof of confidentiality shall be on the party asserting the same.

10. A non-party to this matter from whom Material is sought and/or received may stipulate to this Order and may thereby obtain the benefits, rights, and protections of a designating party under this Order, regardless of whether the Order is amended to add a non-party. By so stipulating, the non-party agrees to be bound by and comply with all terms of this Order and consents to this Court's jurisdiction over it for purposes of enforcing this Order.

11. In the event that any of the Parties or non-parties move the Court for de-designation of any Confidential Material, the provisions of the Order shall apply to such information until the motion is decided.

12. The production of Confidential Material shall not prejudice in any way the rights of any party to object to the production of information, documents, materials or items it considers not subject to discovery, nor shall such actions prejudice in any way the rights of any party to apply to the Court for any modification of this Stipulation. Neither the provisions of this Stipulation, nor any disclosure by any party or witness pursuant to this Stipulation shall constitute a waiver at anytime, or in any other litigation, of any attorney-client, work product or other privilege, including the protections afforded by Federal Rule of Evidence 501, that it possesses which arises, or has arisen in litigation or other matters outside this proceeding.

13. This Stipulation, insofar as it restricts the communication and use of Confidential Material, shall continue to be binding throughout and after the conclusion of this litigation including any appeals. At the conclusion of this action, all Confidential Material shall be returned promptly to the producing Person or destroyed. All notes, memoranda, summaries, or other documents in the possession, custody, or control of the parties that refers to, describes, or relates to Confidential Material shall be destroyed, except that counsel for the parties need not destroy or return any Confidential Material that became a part of the court record in this action (by use as trial exhibit, inclusion in a court filing, inclusion in the record on any appeal, or otherwise) or any attorney work product.

14. No party shall be deemed to have waived its right to assert either the attorney-client privilege or the protection under the attorney work-product doctrine (collectively "Privilege") if materials protected by the Privilege are inadvertently disclosed despite (a) the parties' exercise of a reasonable standard of care with respect to the production of such materials; and (b) the parties' compliance with the provisions of this Stipulation. Upon the discovery by any party of an inadvertent disclosure of materials protected by Privilege, that party shall promptly notify the other counsel in writing of the disclosure, identify the document that

contains such materials, and immediately take steps to preclude further disclosure.  In such an event, the party receiving the materials protected by Privilege will return all copies of identified materials and treat those materials as if they had been initially excluded from production.  The return of a document over which the producing party has asserted a claim of Privilege under this paragraph shall be without prejudice to the receiving party's right to seek an order from the Court directing the production of the document on the ground that the claimed Privilege is invalid or inapplicable; provided, however, that mere production of the document or information in the course of this action shall not constitute grounds for asserting waiver of the Privilege.

15. The parties incorporate into this Stipulation the court's scheduling order filed February 15, 2012, including, but not limited to, the provisions in paragraph 2 relating to discovery and ESI.

16. This Stipulation is intended to facilitate efficient litigation between the parties and is not intended to alter resolution of any substantive issues or to affect the parties' substantive rights.

17. This Stipulation may be entered as an Order by the Court by consent of the Parties and shall be binding on the Parties as of the date signed by their counsel on their behalf.

18. Willful violation of this Order may be punishable by the contempt power of the Court and otherwise as the Court may deem appropriate.

**IT IS SO ORDERED.**

Dated this 29th day of February, 2012, at Topeka, KS.

s/ K. Gary Sebelius
K. Gary Sebelius
U.S. Magistrate Judge

**AGREED AND APPROVED:**

**MCANANY, VAN CLEAVE & PHILLIPS, P.A.**

<u>/s/ Charles A. Getto</u>
Charles A. Getto
McAnany, Van Cleave & Phillips, P.A.
10 E. Cambridge Circle Drive, Suite 300
Kansas City, KS 66103
(913)573-3328 Phone
(913)371-4722 Fax
<u>cgetto@mvplaw.com</u>
ATTORNEYS FOR PLAINTIFF
FEDERAL DEPOSIT INSURANCE
CORPORATION AS RECEIVER OF
THE COLUMBIAN BANK AND
TRUST COMPANY

**HUSCH BLACKWELL LLP**

<u>/s/ Michael J. Thompson</u>
Michael J. Thompson
Ms. Lyndsey J. Conrad
Husch Blackwell LLP
4801 Main Street, Suite 1000
Kansas City, Missouri 64112
michael.thompson@huschblackwell.com
lyndsey.conrad@huschblackwell.com
ATTORNEYS FOR DEFENDANTS
CARL AND SAM MCCAFFREE

**THE WOODY LAW FIRM PC**

<u>*/s/* Teresa A. Woody</u>
Teresa A. Woody
The Woody Law Firm PC
1621 Baltimore Ave.
Kansas City, MO 64108
(816) 421-4246 Phone
(816) 471-4883 Fax
Teresa@woodylawfirm.com
ATTORNEYS FOR DEFENDANT
JIMMY D. HELVEY

**STEVENS & BRAND, LLC**

/s/ John T. Bullock
John T. Bullock
Jeffrey L. Heiman
Stevens & Brand, LLP
900 Massachusetts, Suite 500
Lawrence, Kansas 66044
jbullock@stevensbrand.com
ATTORNEYS FOR DEFENDANT
RANDOLPH G. AUSTIN

**URBOM LAW OFFICES CHARTERED**
/s/ Kathleen Ridgway Urbom
Kathleen Ridgway Urbom
Urbom Law Offices Chartered
3024 SW Wanamaker Road, Suite 301
Topeka, Kansas 66614
kurbom@urbomlaw.com
ATTORNEYS FOR DEFENDANT
RICHARD L. ROACH

## EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| FEDERAL DEPOSIT INSURANCE CORPORATION as Receiver of the Columbian Bank and Trust Company,<br><br>        Plaintiff,<br><br>vs.<br><br>CARL L. McCAFFREE, JIMMY D. HELVEY, SAM McCAFFREE, RANDOLPH C. AUSTIN, RICHARD L. ROACH, and G. REID TEANEY,<br><br>        Defendants. | )<br>)<br>)<br>)<br>) Case No. 11-2447-JAR<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## **CONFIDENTIALITY AGREEMENT**

I, _____ represent and agree as follows:

I reside at _____
                                                                  (Street Address)

_____, _____,
(City)                                                                          (State)

_____ and I am employed as _____
(Zip Code)                                                       (Title)

by _____,
    (Employer)

_____, _____,
(Street Address)                                                                                      (City)

_____, _____, _____.
          (State)                                           (Zip Code)                (Daytime Telephone)

1.  I have read and know the contents of the "Stipulated Protective Order," dated _____, 2012 filed in the above entitled action, agree to be bound by its terms and conditions, and submit myself to the jurisdiction of the U.S. District Court for the District of Kansas relative to assuring enforcement of the terms and conditions of this Stipulated Protective Order.

2.  I am one of the persons described in Paragraph 6(b) of the Stipulated Protective Order, and I am signing this Confidentiality Agreement and agreeing to enter into this Confidentiality Agreement in order to satisfy the conditions provided for in the Stipulated Protective Order prior to the disclosure to me of any Confidential Information as said term is defined and described in the Stipulated Protective Order.

3.  I expressly agree that:

    a.  I have read and shall be fully bound by the terms of the Stipulated Protective Order;

    b.  All such Confidential Material as is disclosed to be pursuant to the Stipulated Protective Order shall be maintained by me in strict confidence, and I shall not disclosure or use the original or any copy of, or the subject matter of, the Confidential Information except in accordance with the Stipulated Protective Order;

    c.  I shall not use or refer to any Confidential Material, or copies thereof, other than in connection with the above entitled action and as provided in the Stipulated Protective Order; and

    d.  I shall, upon being notified of the termination of the above entitled action proffer the return of all copies of all Confidential Material to the counsel for the party who furnished such Confidential Material to me, and I shall destroy any notes and memoranda I have regarding the same.

Date: _____      _____
                                                                                  Signed Name

## **CERTIFICATE OF SERVICE**

       I hereby certify that on February 29, 2012, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system which will send a notice of electronic filing to the following:

Mr. Michael Thompson
Ms. Lyndsey J. Conrad
**Husch Blackwell LLP**
4801 Main Street, Suite 1000
Kansas City, MO 64112
*Attorneys for Defendants Sam McCaffree and Carl L. McCaffree*

Ms. Teresa A. Woody
**Woody Law Firm PC**
1621 Baltimore Ave.
Kansas City, MO 64108
*Attorneys for Defendant Jimmy D. Helvey*

Mr. John T. Bullock
**STEVENS & BRAND, L.L.P.**
900 Massachusetts St., Ste. 500
Lawrence, KS 66044
*Attorney for Randolph C. Austin*

Ms. Kathleen Ridgway Urbom
**Urbom Law Offices Chartered**
3024 SW Wanamaker Rd., Suite #301
Topeka, KS 66614
*Attorneys for Defendant Richard L. Roach*

                                         /s/Charles A. Getto_____
                                         Charles A. Getto