IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| FEDERAL DEPOSIT INSURANCE CORPORATION, ) <br> As Receiver of the Columbian Bank & Trust Company, ) <br> ) <br> Plaintiff, ) <br> ) Case No. 11-CV-2447 JAR/KGS <br> vs. ) <br> ) <br> CARL L. McCAFFREE, et al., ) <br> ) <br> Defendants. ) | |

**DEFENDANTS' REPLY TO FDIC-R'S RESPONSE TO NOTICE OF SUPPLEMENTAL FACTS AND ADDENDUM TO THE MOTION TO COMPEL**

Defendants Carl and Sam McCaffree submit this brief Reply to FDIC-R's Response to the Notice of Supplemental Facts and, for the Court's convenience, also summarize those issues raised in Defendants' Motion to Compel that are still outstanding and those that no longer need resolution due to the FDIC's compliance—albeit belated—to its obligations under the Federal Rules of Civil Procedure.

At the outset, Defendants reiterate what was said in their Reply In Support Of Their Motion To Compel—counsel for the FDIC-R has made a conscientious effort to work with Defendants and to satisfy the FDIC-R's discovery obligations. Defendants did not intend to suggest in their Notice that FDIC-R's counsel deliberately misrepresented the existence of DocStar. The trouble is, counsel for the FDIC-R cannot meet the FDIC-R's discovery obligations alone and clearly the fact that Docstar actually does still exist in a functional format was only recently uncovered by the FDIC-R's counsel and disclosed to Defendants. It appears as though the FDIC-R's counsel also learned of the location of highly relevant and potentially

responsive documents—including the documents stored at Citizens Bank and Iron Mountain[1]—long after the FDIC-R was supposed to have identified and produced them to Defendants. That is why Defendants, as of October 23, 2012, were still awaiting documents responsive to their First Requests for Production served more than six months ago, why Defendants were required to file their Motion to Compel, and why Defendants were compelled to move for an extension of time to the critical deadlines in this case, *see* Doc. 109.[2]

The whole premise of the FDIC-R's response to Defendants' Motion to Compel is that an order to compel discovery is unwarranted because the FDIC-R has produced the "core loan files" and other responsive documents in compliance with the Court's Scheduling Order by producing documents organized by search term. *See e.g.,* Doc. 35, Scheduling Order ("The FDIC has organized the documents into folders by using search terms, such as the names of the directors and officers of Columbian, the loans referenced in the complaint, and other relevant search terms. After removing duplicate copies of documents, this process has reduced the number of relevant, or potentially relevant, documents to approximately 60,000, divided into folders based upon search terms. Defendants' counsel have been provided with a list of the search terms used by the FDIC to prepare the folders."); Doc. 111, Response to Notice of Supplemental Facts In Support Of Defendants' Motion To Compel, at p. 8 (stating that its practice is consistent with the

---

[1]  As discussed in the Defendants' Motion To Modify The Scheduling Order, Doc. 109, the FDIC notified Defendants on October 12, 2012 of over 100 pieces of Columbian Bank media in storage at Iron Mountain. These have not yet been evaluated for responsiveness to Defendants' discovery requests by the FDIC-R nor have the contents been produced to Defendants.

[2]  The FDIC-R has consistently taken the position that it has no obligation to obtain responsive documents from Citizens Bank and criticize Defendants for not taking it upon themselves to do so. The fact is, however, as articulated in Defendants' Motion to Compel, the FDIC-R *is* obligated to obtain these documents since it maintains access to and control over the documents; this is not a burden or expense that should be borne by Defendants. Doc. 81, MIS In Support Of Defs' Motion To Compel, at pp. 16-18.

Scheduling Order which states that "the documents [that hit on search terms would be] *organized in folders using agreed-upon search terms* (emphasis in original)); *id.* (documents "were produced and arranged in folders using search terms precisely as agreed by the parties and order by the Court").[3]

This assertion is not true. First, Defendants' Motion to Compel established that the loan files produced by the FDIC-R in 2011 were not the Bank's loan files. And, during a conference call among counsel on Thursday, November 1, 2012, *__it was revealed that the documents in Relativity are not organized by search term.__*  *See* Ex. 1, Declaration of Lyndsey J. Conrad at ¶¶ 4-5. Rather, the folders in Relativity comprise documents organized (1) by the number the FDIC-R put on a box when it collected hardcopy documents from the Bank after it closed or (2) by custodian, if the document was stored electronically. *Id.* at ¶ 6. This also renders false all of the FDIC-R's assertions that it complied with the parties' agreement regarding discovery and the Court's Scheduling Order in this regard. And, it makes the FDIC-R's contention that "the word search method of organizing documents . . . may be more effective [than producing documents as the Bank organized them] because word searches capture *all* documents that refer to a particular borrower or target loan and place them into usable folders" highly misleading. Doc. 111, Response at p. 9 (emphasis added). The FDIC-R makes it sound like it produced documents to Defendants in a way that allowed them to click on a folder and access all documents related to, for example, "11500 LLC" (which was one of the borrowers and "11500" was one of the search terms). But that is not the case. There simply were no such folders in Relativity.

---

[3] For the reasons stated in Defendants' earlier briefing on the subject, the Motion to Compel is warranted regardless of the FDIC-R's compliance with the Scheduling Order. In any event, Defendants have also previously explained how the FDIC-R's production is not in compliance with the Court's Scheduling Order. Doc. 81, MIS In Support Of Defs' Motion To Compel, at p. 19-20; Doc. 96, Defs' Reply In Support Of Their Motion To Compel, at p. 8-9.

When Defendants asked the FDIC-R to clear up this matter for the Court, the FDIC-R declined.  Although finally acknowledging that it did not create folders based on search terms, the FDIC-R now contends that this is just "semantics" because Defendants can run their own search terms against the database and folder documents that way if they want.  The argument ignores the significant amount of time expended by Defendants trying to figure out how to retrieve the folders FDIC-R had represented already existed in Relativity and the additional time expended by Defendants in creating folders organized by search terms on their own.   The FDIC-R's repeated assertions that an order compelling discovery is not warranted because it has complied with the Scheduling Order when, in fact it has not, can more accurately be described as "semantics."  In fact, this is just one more example in the growing list of inaccuracies in the FDIC-R's representations about its discovery efforts.

With these facts in mind, Defendants note that the FDIC has just produced voluminous relevant files from Citizens Bank.  Although Defendants need time to review this substantial production for completeness, it appears that the FDIC may have now (finally) produced the <u>electronic</u> loan files as they existed on <u>DocStar</u> at Citizens Bank.  If the DocStar production is, in fact, complete, then the portion of Defendants' Motion seeking an order requiring the production of the DocStar files is moot.

FDIC-R has also supplemented its responses to Defendants' RFPs 26-30, 76, 78, 81, 84, 89 and produced a privilege log describing responsive documents it is withholding on the ground of privilege.[4]  Defendants have not yet had a chance to review these supplemental responses for completeness or accuracy.  Should such responses be incomplete, Defendants will meet and

---

[4]    Defendants' Notice of Supplemental Facts In Support Of Their Motion To Compel (Doc. 100) mistakenly stated that the FDIC's privilege log did not include entries for litigation hold notices.  In fact, there are two such entries.

4

confer with FDIC-R on identified issues before raising them with the Court. The portion of Defendants' Motion seeking an order requiring the production of these documents and supplemental responses is moot.

The FDIC has also produced (via Citizens Bank) some—but not all—of the relevant <u>hardcopy</u> loan files as they existed in the usual course of business. It is unclear whether the incomplete production of these critical documents is due to the fact that the FDIC did not perform a reasonable search for documents, because the remaining files no longer exist, or because the files were moved or transferred elsewhere. Defendants therefore still seek an order (1) requiring the FDIC to locate and produce all responsive documents available from Citizens Bank and, if a document or file was but no longer is available, to state the disposition of the document or file, including where it currently is located and the identity of the person or entity that has custody and control; (2) requiring the FDIC to produce for inspection or copying all original Bank loan and underwriting files for the relevant loans in its possession or under its control (including the Lockhaven Estates files and all relevant loan files currently in the custody of Citizens Bank); (3) requiring the FDIC to fully and completely supplement its responses to Defendants' Interrogatories 10 and 11; (4) directing payment for Defendants' costs and fees incurred in reviewing documents in an effort to locate the loan files—both hardcopy and DocStar loan files—as stated in Defendants' Memorandum In Support Of Their Motion To Compel, Doc. 81, and in their Notice Of Supplemental Facts In Support Of Their Motion To Compel, Doc. 100; (5) directing payment of Defendants' costs and fees for bringing the Motion to Compel; and (6) providing such other and further relief as the Court deems just and proper.

Respectfully submitted,

/s/ Lyndsey J. Conrad
Michael Thompson                D. Kan. # 70196
Angela Harse                         KS # 21485
Lyndsey J. Conrad                 KS # 23527
HUSCH BLACKWELL LLP
4801 Main Street, Suite 1000
Kansas City, MO  64112
Tel:  816-983-8000
Fax:  816-983-8080
michael.thompson@huschblackwell.com
lyndsey.conrad@huschblackwell.com

*Attorneys for Carl and Sam McCaffree*

## CERTIFICATE OF SERVICE

I hereby certify that on November 5, 2012, a copy of the foregoing was filed electronically with the above captioned court, with notice of case activity to be generated and sent electronically by the Court's CM/ECF system to all counsel of record.

/s/ Lyndsey J. Conrad