IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| FEDERAL DEPOSIT INSURANCE CORPORATION as Receiver of The Columbian Bank and Trust Company, | ) ) ) ) |
| Plaintiff, | ) Case No. 11-CV-2447 JAR/KGS ) ) |
| vs. | ) ) |
| CARL L. McCAFFREE, *et al.*, | ) ) |
| Defendants. | ) |

## **FINAL JUDGMENT ORDER**

Having considered the joint motion for entry of judgment (Doc. No. 162) filed herein by Plaintiff and Defendants Carl L. McCaffree, Sam McCaffree and Jimmy D. Helvey ("Defendants"), the Court finds as follows:

1. Plaintiff, the Federal Deposit Insurance Corporation as Receiver of The Columbian Bank and Trust Company ("FDIC-R"), has filed herein its first amended complaint ("Complaint") alleging breaches of fiduciary duty and acts of negligence and gross negligence in connection with Defendants' roles as officers and/or directors of The Columbian Bank and Trust Company ("Columbian").

2. Defendants have filed answers herein in which they deny the allegations in the Complaint.

3. After initially advancing some defense costs, BancInsure, Inc. ("BancInsure") has denied coverage and refused to indemnify Defendants for any Loss relating to the claims being asserted against Defendants in this action.

4. FDIC-R, Defendants, and BancInsure have entered into a Settlement Agreement, pursuant to which, the Defendants' Answers notwithstanding, the Defendants consent to the entry of the following judgment for the purpose of compromising disputed claims: a judgment in favor of FDIC-R and against Defendants jointly and severally in the amount of FIVE MILLION DOLLARS ($5,000,000.00).  Such judgment hereafter is referred to as the "Confessed Judgment."

5. FDIC-R, Defendants, and BancInsure agree that the amount of the Confessed Judgment is reasonable in light of FDIC-R's claims and the likelihood of a jury verdict substantially in excess of $5 million should this action proceed to trial.

6. Further, as part of the parties' Settlement Agreement, Defendants have agreed that once the Confessed Judgment is entered herein, Defendants will pay $750,000 to FDIC-R and BancInsure will pay $250,000 to FDIC-R in partial satisfaction of the Confessed Judgment.

7. Further, as part of the parties' Settlement Agreement, Defendants will assign to FDIC-R certain rights, claims, causes of action, equitable remedies, statutory rights and damages which the Defendants have or may have against BancInsure arising out of or relating to the Confessed Judgment, FDIC-R's claims asserted in the Complaint, the pending Coverage Litigation (Case No. 12-CV-2110-KHV-GLR), and the BancInsure Policy, all as more fully described in the parties' Settlement Agreement ("Assigned Claims").  In consideration for these assignments, and effective after such assignments have been delivered to FDIC-R, FDIC-R has agreed not to take any action of any kind to assign, document, record, register as a lien, or collect against the Defendants, the Confessed Judgment, except for each of the Defendant's assets consisting of certain rights, title and interest in the BancInsure Policy together with their respective rights, claims, and causes of action in the Assigned Claims ("Covenant Not To Execute").

8. The parties' settlement and the settlement amount are reasonable.

9. The Confessed Judgment will be a complete and final judgment addressing all claims against all Defendants.

10. The Motion is well taken and should be GRANTED.

IT IS THEREFORE ORDERED and ADJUDGED as follows:

A. Judgment is entered in this matter in favor of FDIC-R and against Defendants jointly and severally in the amount of FIVE MILLION DOLLARS ($5,000,000.00).

B. FDIC-R shall not assign or execute on the Confessed Judgment except as to each of the Defendants' assets consisting of certain rights, title and interest in the BancInsure Policy together with all of the Defendants' respective rights, claims, and causes of action in the Assigned Claims.

C. Upon payment by Defendants of $750,000 to FDIC-R and upon the assignment of the Assigned Claims to FDIC-R by Defendants, the FDIC-R's Covenant Not to Execute shall become effective.

D. This Judgment is subject to the further jurisdiction of this Court pending the resolution of the Assigned Claims against BancInsure and pending resolution of the claims and counterclaims in Case No. 12-CV-2110-KHV-GLR.

E. Each party shall bear its or his own costs and attorneys' fees.

IT IS SO ORDERED.

Dated: 2/26/13                    s/ Julie A. Robinson
                                  United States District Judge